# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **EARNEST BARNARD CLAYTON,** | : | |
| **Plaintiff,** | : | |
| V. | : | |
| | : | NO. 5:24-cv-00320-MTT-CHW |
| **Governor BRIAN KEMP, et al.,** | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Earnest Barnard Clayton, a prisoner in Telfair State Prison in Helena, Georgia, has filed the present civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He has also moved for leave to proceed *in forma pauperis*. ECF No. 2. If Plaintiff wishes to proceed with this action, he is now **ORDERED** to recast his complaint as set forth below.

First, as a practical matter, Plaintiff's handwriting is small and difficult to read. Moreover, the complaint jumps around in time, repeats himself, attempts to use legal language, and is difficult, if not impossible, to follow.

Additionally, Plaintiff's complaint asserts claims relating to multiple past incidents that occurred over a period of several years at different prisons. These incidents also involve different defendants. A plaintiff generally may only join defendants in one action if the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants

will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B).  As the complaint is drafted, it does not appear that these incidents are properly joined in this same case.  Thus, in his recast complaint, Plaintiff is to include only claims that he can demonstrate are properly joined.

In this complaint, Plaintiff is apparently attempting to connect these events by asserting that they were all ordered by several supervisory defendants.  Plaintiff's allegations as to these defendants appear to be entirely generic and conclusory.  The complaint does not include any specific factual support to show that these defendants actually ordered the actions taken in these events or that they are in any way otherwise involved.  The complaint also names other defendants without discussing those defendants at all within the statement of facts.

Finally, Plaintiff has previously accrued at least three strikes by filing federal complaints or appeals that have been dismissed as frivolous or malicious or for failure to state a claim.  *See* Order Dismissing Appeal, *Clayton v. Williams*, Case No. 17-11470-F (11th Cir. Sept. 27, 2017) (dismissing appeal as frivolous); Order Adopting R. & R., *Clayton v. Williams*, Case No. 6:16-cv-00174-JRH-RSB (S.D. Ga. Mar. 20, 2017), ECF No. 10 (dismissing for failure to state a claim and failure to follow court orders); Order Dismissing Compl., *Clayton v. Bryson*, Case No. 7:15-cv-00164-WLS-TQL (M.D. Ga. Sept. 8, 2015) (dismissing for abuse of the judicial process).  Thus, Plaintiff may not proceed in this action *in forma pauperis* unless he alleges facts that demonstrate that he is in imminent danger of serious physical injury.  Plaintiff's allegations generally appear to relate to past harm.  Although Plaintiff seems to be attempting to tie these past incidents

together to show a pattern of harm, his allegations about supervisory defendants ordering certain actions are conclusory and do not establish a link between these acts.

Plaintiff is currently incarcerated in Telfair State Prison in Helena, Georgia, which is located in the Southern District of Georgia. If Plaintiff is alleging that he is in imminent danger of serious physical injury at that facility, he must file an action in the Southern District of Georgia, not the Middle District.

Plaintiff will be given **ONE** opportunity to recast his complaint to address the problems with the original version. To that end, if he wants to proceed with this action, Plaintiff is now **ORDERED** to recast his complaint. In recasting the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. Because the Court must be able to read who Plaintiff is attempting to sue, Plaintiff must write legibly.

In the statement of claims, Plaintiff must clearly explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. Again, Plaintiff must write legibly. If the Court cannot read Plaintiff's allegations, his action will be dismissed. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?  In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?  Is he a supervisory official? Was the defendant personally involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)   *When* and *where* did each action occur?

(3)   *How* were you injured as a result of this defendant's actions or decisions?

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim.  *See* Fed. R. Civ. P. 8.

Plaintiff's recast complaint should be no more than **TEN (10) PAGES** long.  The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim or whether Plaintiff has demonstrated that he is in imminent danger of serious physical injury.  Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint as directed herein.  Failure to do so, or to otherwise fully and timely comply with this Order, will result in the dismissal of Plaintiff's complaint.  While this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his

mailing address.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on both). There will be no service pending further order of the Court.

**SO ORDERED and DIRECTED**, this 30th day of December, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge